Lewis v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-395-CR

KAREN A. LEWIS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.
  Introduction

A jury convicted appellant Karen A. Lewis of aggravated robbery with a deadly weapon.  After Lewis pleaded “True” to the indictment’s enhancement allegation, 
the trial court assessed her punishment at twenty years’ imprisonment.  In her first two points, Lewis challenges the legal and factual sufficiency of the evidence underlying her conviction.  Specifically, she asserts that the evidence is insufficient to show that she exhibited a deadly weapon.  In a third point, Lewis asserts that she received ineffective assistance of counsel.  Because the record contains sufficient evidence to support the jury’s verdict that the knife used by Lewis was a deadly weapon and because Lewis failed to show that she received ineffective assistance of counsel, we affirm. 

II.  Background Facts

On April 19, 2003 at approximately 12:30 a.m., Lewis jumped into complainant Marcia Martinez’s car and threatened to “cut” Martinez if she did not give Lewis all her money.  When Martinez refused, Lewis took a twelve-pack of Hy-Top colas, two Easter baskets, and some change from Martinez’s car.  Martinez exited her car in an attempt to retrieve the two Easter baskets, and she was able to reach out and grab them.  Lewis told her to “let go of the Easter baskets or I’ll cut you, lady.”  Martinez did not let go, and Lewis stabbed her three times on the top of her hand and once on her palm.  Martinez testified that she was afraid she was going to be killed over the two Easter baskets.  She then decided to leave the scene and call the police. 

When the police apprehended Lewis, they found a knife on her that Officer Craft, one of the arresting officers, described at trial as a “steak knife” with a four and one-half inch serrated blade.  Officer Craft also testified that one of Martinez’s wounds was close to a major artery and that the knife was used in a manner that could have caused serious bodily injury.  The jury found Lewis guilty of aggravated robbery with a deadly weapon. 

During the punishment phase, counsel for Lewis did not call any of Lewis’s family members to give mitigating testimony.  However, he did inform the court that they were present and were willing to testify, but he and the State had “worked out an offer for recommendation.”  The record does not reflect what the recommendation was.  
The court took judicial notice of the family’s presence and their willingness to testify on behalf of Lewis and, also, stated that it was aware of “some negotiations as to sentence to be pronounced.”  
Lewis’s counsel then rested without giving any arguments in the punishment phase.

III.  Sufficiency of the Evidence

In her first two points, Lewis attacks the legal and factual sufficiency of the evidence to prove that the knife used was a deadly weapon.  Because these issues are closely related, we will analyze them together.  

A. Legal Sufficiency

In conducting a legal sufficiency review, a reviewing court does not ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.  
Jackson v. Virginia,
 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).  Rather, in reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Id.; Burden v. State,
 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson,
 443 U.S. at 319, 99 S. Ct. at 2789.  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder.  
Dewberry v. State,
 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied,
 529 U.S. 1131 (2000).  

B. Factual Sufficiency

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State,
 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id.
 at 484.  There are two ways evidence may be factually insufficient: (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id.
 at 484-85.  In performing a factual sufficiency review, we are to give deference to the fact finder's determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State,
 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder's.  
Zuniga,
 144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id.
 at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports Lewis's complaint on appeal.  
See Sims v. State,
 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  

C. Deadly Weapon Finding

While a knife is not a deadly weapon per se, the Texas Court of Criminal Appeals has held that an object such as a knife can be a deadly weapon if the actor intends a use of the object in which it would be capable of causing death or serious bodily injury.  
McCain v. State,
 22 S.W.3d 497, 502-03 (Tex. Crim. App. 2000).  Factors that a court may consider in determining whether a particular knife is being used as a deadly weapon include 1) the victim’s injuries; 2) the manner in which the knife was used; 3) the length of the blade; and 4) threats made by the defendant.  
Hart v. State,
 581 S.W.2d 675, 677 (Tex. Crim. App. 1979); 
Alvarez v. State,
 566 S.W.2d 612, 614 (Tex. Crim. App. 1976). 

After examining all the evidence, we conclude that the record contains sufficient evidence to show that the knife was a deadly weapon.  The complainant sustained several stab wounds on her hands and palm, including one very close to a major artery.  Officer Craft testified that the knife was used in a way that could have caused serious bodily injury.  He described the knife as a typical steak knife with a four and one-half inch serrated blade and stated that it was capable of causing death or serious bodily injury.  Lewis twice threatened to “cut” the complainant.  Finally, the complainant testified that she thought she was going to be killed. 

Lewis has failed to direct this court to any evidence in the record showing that the knife was not a deadly weapon.  First, Lewis points out that she did not expressly threaten to kill the complainant.  But, the standard is not whether Lewis threatened to kill her victim, but merely whether she threatened the victim in a manner that indicated she intended to use the knife in a manner capable of causing death or serious bodily injury.  
See 
McCain
, 22 S.W.3d
 at 502-03.  A rational trier of fact could determine that her threat to “cut” the complainant showed intent to use the knife in a manner capable of causing death or serious bodily injury, particularly in light of the complainant’s testimony that she felt Lewis might kill her.  Secondly, Lewis argues that the lack of permanent scarring or stitches resulting from the complainant’s injuries precludes a finding that the knife was used as a deadly weapon.  However, the nature and extent of a victim's knife wounds are only a link in the chain of evidence as to whether a knife's use made it a deadly weapon.  
Johnson v. State
, 919 S.W.2d 473, 480 (Tex. App.—Fort Worth 1996, pet. ref'd).  The evidentiary linchpin necessary for a jury's decision that the knife used was a deadly weapon is evidence proving that, in the manner in which it was used, the knife blade was 
capable
 of producing death or serious bodily injury.  
Id
.  
Finally, while Officer Craft conceded that
 it is possible to stab someone in the hand without causing serious bodily injury or death, he also testified that he felt the knife in this case was used in way that could have caused serious bodily injury. 

Therefore, we hold that the evidence is legally and factually sufficient to support the jury’s verdict that Lewis committed aggravated robbery with a deadly weapon.  We overrule Lewis’s first and second points.  

IV.  Ineffective Assistance of Counsel

In her third point, Lewis claims that her trial counsel provided ineffective assistance during the penalty phase of trial by failing to call members of her family to provide mitigating testimony on her behalf and by failing to present arguments as to the punishment to be assessed. 

We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington,
 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, Lewis must show that her counsel’s performance was deficient; second, Lewis
 
must show that the deficient performance prejudiced the defense.  
See Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064;
 Hernandez v. State,
 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).  To show deficient performance, Lewis must prove by a preponderance of the evidence that her counsel's representation fell below the standard of professional norms.
(footnote: 2) 
 See Strickland,
 466 U.S. at 688, 104 S. Ct. at 2064.  To demonstrate prejudice, Lewis must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  
Id. 
at 694, 104 S. Ct. at 2068.  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson, 
9 S.W.3d at 814.  If Lewis fails to show either deficient performance or sufficient prejudice, she cannot prevail on her claim of ineffective assistance.  
Id.
 at 813.  

In evaluating the effectiveness of counsel's representation under the first 
Strickland
 prong, we look to the totality of the representation.  
See Thompson, 
9 S.W.3d at 813
. 
 The issue is whether counsel’s assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
See Strickland,
 466 U.S. at 688-89, 104 S. Ct. at 2065.  Our scrutiny of counsel's performance must be highly deferential, and we must make every effort to eliminate the distorting effects of hindsight.  
Id
.

The record reveals that counsel had a legitimate strategy in foregoing the presentation of mitigating testimony from the family and his arguments as to punishment.  The following exchange demonstrates counsel’s strategy:  

[Defense Counsel]: Your Honor, I would just like to tell the Court that the Defendant’s mother and family are here and the . . . Defendant’s mother Albertine Lewis was going to testify . . . but we’ve worked out an offer for recommendation from the State.  And therefore, you understand we don’t need you to testify.  Is that okay?

[Albertine Lewis]:  (Moving head up and down).

[Defense Counsel]: I just want to tell the court she’s here.  She’s been here supporting Karen through the whole trial.  

[The Court]:  The Court will take judicial notice of the attendance of [Lewis’s] family throughout the trial and know that they are here to support her and would treat their testimony as such if it were so proffered.  It is also my understanding there have been some negotiations as to the sentence to be pronounced and the Court is aware of that.  Other than that do you have additional evidence . . . ? 

[Defense Counsel]:  Defense rests. 

This exchange reveals that counsel negotiated a punishment recommendation from the State and in light of the recommendation did not deem argument or testimony necessary.  Again, the record does not reflect what the recommendation was.  Lewis has pointed to nothing in the record that overcomes the presumption that her counsel made these decisions in the exercise of reasonable professional judgment.  Therefore, Lewis has failed to meet the first 
Strickland
 prong. 
 See Strickland,
 466 U.S. at 689, 104 S. Ct. at 2065.  Thus, we overrule Lewis’s third point.  

V.  Conclusion

Because the record contains sufficient evidence to support the jury’s verdict that the knife used by Lewis was a deadly weapon and because Lewis failed to show that she received ineffective assistance of counsel, we overrule Lewis’s points and affirm the trial court’s judgment.  

PER CURIAM

PANEL F: MCCOY, J.; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  July 7, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Lewis seems to argue for a “reasonable probability” standard for both prongs of this test.  That is not a proper interpretation of 
Strickland
.